MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

E-filing

Attorneys for Plaintiff

FILED
2008 MAR -6 PM 3: 25
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY WARREN, Individually,

    Plaintiff,

vs.

CITY OF SANTA CRUZ, a public entity, SANTA CRUZ CHIEF OF POLICE HOWARD SKERRY, in his individual and official capacities, and DOES 1 through 10, Jointly and Severally,

    Defendants.

C08-01311

RS

COMPLAINT AND DEMAND FOR JURY TRIAL

ADR

Plaintiff, by and through his attorneys, HADDAD & SHERWIN, for his Complaint against Defendants, states as follows:

**JURISDICTION**

1.    This is a civil rights action arising from Defendants' unreasonable search, unreasonable seizure, and use of excessive force against Plaintiff LARRY WARREN ("WARREN"), on or about May 7, 2007, in the City of Santa Cruz, County of Santa Cruz, California. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded

COMPLAINT AND JURY DEMAND    1

upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT

2. A substantial part of the events, acts, and omissions complained of herein occurred in Santa Cruz County, California, and this action is properly assigned to the San Jose Division of the United States District Court for the Northern District of California.

## PARTIES AND PROCEDURE

3. Plaintiff LARRY WARREN is a resident of the County of Santa Cruz, California.

4. Defendant CITY OF SANTA CRUZ is a public entity established and maintained by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Santa Cruz Police Department ("SCPD"), and employs and/or is responsible for other defendants in this action.

5. Defendant SANTA CRUZ CHIEF OF POLICE HOWARD SKERRY at all material times was the Chief of Police for the Santa Cruz Police Department, and was acting within the course and scope of that employment. He is sued in his individual and official capacities.

6. The true names and capacities of Defendants sued herein as DOES 1-10 ("DOE defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their

true names and capacities when the same are ascertained. Each DOE defendant was an employee/agent of the CITY OF SANTA CRUZ and the SCPD, and at all material times acted within the course and scope of that relationship.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of one or more DOE Defendants.

8. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

9. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

10. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the CITY OF SANTA CRUZ. Each individual Defendant is sued in his individual and official capacities.

11. The acts and omissions of Defendants DOE 1-10 as set forth herein at all material times were pursuant to the actual customs, policies, practices and procedures of the CITY OF SANTA CRUZ and SCPD.

12. This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

## GENERAL ALLEGATIONS

13. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

14. On or about on or about May 7, 2007, at approximately 8:30 am, Plaintiff WARREN was in his house located behind the main house at 547 Walk Circle, Santa Cruz, CA. Plaintiff had a reasonable expectation of privacy in his home. Upon information and belief, Defendant police officers were responding to a domestic violence call in the front house at that time.

15. At all relevant times, Plaintiff was peacefully and lawfully in his own home. Defendants had no warrant, probable cause, reasonable suspicion, or any other legal justification for entering Plaintiff's home, or arresting him, or using any force against him.

16. Plaintiff heard noises in the backyard, looked out and saw a uniformed police officer. The officer pointed at him and yelled something like "drop" or "freeze!"

17. Defendant Officer DOE 1 rushed up from behind Plaintiff WARREN in Plaintiff's home and tackled Plaintiff extremely forcefully, causing Plaintiff to land hard on his slate rock floor. The next thing Plaintiff remembered was being on the floor of his house, with a police officer laying on the floor next to him, telling him, "Don't move, paramedics are on their way."

18. Plaintiff WARREN turned onto his back and saw his lower leg/foot roll over and his leg bones protrude out. Defendant DOE 1 had caused multiple compound

COMPLAINT AND JURY DEMAND                                                                                      4

fractures in Plaintiff's right leg. Plaintiff was taken by ambulance to the hospital, where he required lengthy treatment, including, but not limited to surgery. He subsequently required extensive nursing care and rehabilitation.

19. Defendants had no legal cause or suspicion to believe that Plaintiff had committed any crime or offense in connection with this incident, and Plaintiff was never charged with any crime or offense in connection with this incident.

20. At all material times, Plaintiff behaved peacefully and lawfully, never displayed any weapon, and posed no threat to anyone. The force used by Defendants against Plaintiff was unjustified and objectively unreasonable under the circumstances.

21. Defendants' entry into Plaintiff's home and seizure of Plaintiff was done without warrant, probable cause, reasonable suspicion, or other legal right, and was conducted unreasonably.

22. On July 13, 2007, Plaintiff WARREN served a claim on the City of Santa Cruz pursuant to the California Government Tort Claims Act. Defendants mailed Plaintiff a rejection of that claim on September 12, 2007.

23. Plaintiff's damages proximately caused by Defendant police officers include, but are not limited to:

    a. Lost wages;

    b. Lost earning capacity;

    c. Medical expenses;

    d. Severe physical injuries requiring surgery and extended hospitalization and rehabilitation, including but not limited to multiple fractures in Plaintiff's right leg;

    e. Loss of consciousness with possible closed head injury;

      f.    Pain and suffering, including emotional distress;

      g.    Wrongful search, seizure and imprisonment;

      h.    Violation of constitutional rights;

      i.    Invasion of privacy;

      j.    All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

## COUNT ONE
## -- 42 USC §1983 --
## <u>DEFENDANTS DOES 1-10</u>

24. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

25. By the actions and omissions described above, Defendants DOE 1-10 violated 42 USC §1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

      a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

      b. The right to be free from illegal entry into one's home as secured by the Fourth and Fourteenth Amendments;

      c. The right to be free from false arrest as secured by the Fourth and Fourteenth Amendments;

      d. The right to be free from invasion of privacy as secured by the Fourth and Fourteenth Amendments.

      e. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    f. The right to privacy as secured by the Fourth and Fourteenth Amendments.

26. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraph 23, above.

27. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

28. The conduct of Defendants DOES 1-10 entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 and California law.

29. Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and law.

## COUNT TWO
## - 42 USC §1983 – Supervisory and Municipal Liability
## DEFENDANTS CITY OF SANTA CRUZ, HOWARD SKERRY, AND DOES 1-10

30. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

31. On information and belief, the unconstitutional actions and/or omissions of Defendants DOES 1-10, as well as other officers employed by or acting on behalf of Defendants CITY OF SANTA CRUZ and SCPD, were pursuant to the following customs, policies, practices, and/or procedures of the SCPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by DEFENDANT HOWARD SKERRY and other policy making officers for the CITY OF SANTA CRUZ and the SCPD:

a. To use or tolerate the use of excessive and/or unjustified force, including in the use of tackling and application of control holds during the seizure of a person;

b. To engage in or tolerate unreasonable searches and seizures;

c. To fail to use appropriate and generally accepted law enforcement procedures in handling domestic violence investigations;

d. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning searches, seizures and the use of control holds;

e. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling domestic violence investigations;

f. To cover-up violations of constitutional rights by any or all of the following:

   i. by failing to properly investigate and/or evaluate complaints or incidents of unlawful searches and seizures, excessive force, and/or handling of domestic violence investigations;

   ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

   iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

g. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and,

h. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code § 910 et seq.

32.     Defendants CITY OF SANTA CRUZ, SCPD, SKERRY, and DOES 1-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DOES 1-10, and other law enforcement personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

33.     The unconstitutional actions and/or omissions of Defendants DOES 1-10 and other law enforcement personnel, as described above, were approved, tolerated and/or ratified by Defendant SKERRY and other policy making officers for the SCPD. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CITY OF SANTA CRUZ and the SCPD, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the CITY OF SANTA CRUZ and the SCPD, including Defendant SKERRY, have approved of the conduct of Defendant Officers DOES 1-10 and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within the CITY OF SANTA CRUZ and the SCPD, including Defendant SKERRY have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

34.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct by Defendants CITY OF SANTA CRUZ, SCPD,

SKERRY, and DOES 1-10, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 25, above.

35. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

36. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF SANTA CRUZ, SCPD, and DOES 1-10, as described above, Plaintiff sustained serious injury and is entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 26-29, above, and punitive damages against DOES 1-10 in their individual capacities.

**COUNT THREE**
**-- VIOLATION OF CIVIL CODE §52.1 --**
**ALL DEFENDANTS**

37. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

38. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

COMPLAINT AND JURY DEMAND

10

    c. The right to be free from invasion of privacy or illegal entry into one's home as secured by the Fourth and Fourteenth Amendments;

    d. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

    e. The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

    f. The right to be free from unlawful and unreasonable search and seizure of one's person as secured by the California Constitution, Article 1, Section 13;

    g. The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

    h. The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

39. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions and statutes, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 26-29, and all damages allowed by California Civil Code §§52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**COUNT FOUR**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**ALL DEFENDANTS**

40. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

41. At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

42. At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

COMPLAINT AND JURY DEMAND      11

43. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against Plaintiff;

    b. to refrain from wrongfully entering Plaintiff's home and/or arresting and/or detaining Plaintiff;

    c. to use generally accepted police procedures and tactics that are reasonable and appropriate for investigations on private property and domestic violence calls;

    d. to refrain from abusing their authority granted them by law;

    e. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

44. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants CITY OF SANTA CRUZ, SCPD, SKERRY, and Does 1-10, include but are not limited to the following specific obligations:

    a. to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or SCPD officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

    b. to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

    c. to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 31, above.

45. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

46. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 26-29.

## COUNT FIVE
## -- ASSAULT AND BATTERY --
## DEFENDANTS DOES 1-10, AND CITY OF SAN JOSE

47. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

48. The actions and omissions of Defendants as set forth above constitute assault and battery.

49. As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 26-29.

## COUNT SIX
## -- DIRECT VIOLATION OF CALIFORNIA CONSTITUTION --
## ALL DEFENDANTS

50. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

51. Through their actions, omissions, customs, and policies as described above, each Defendant acting in concert/conspiracy as described above, violated Plaintiff's rights protected by the California Constitution, including but not limited to the following:

   a. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

   b. The right to be free from unlawful and/or unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

52. As a direct and proximate result of Defendants' violation of the rights of Plaintiff under the California Constitution, Plaintiff sustained injuries and damages, and is

entitled to relief as described above at ¶¶ 26-29, including compensatory and punitive damages and penalties, and attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

    a.    compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

    b.    punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

    c.    all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, Cal. Code of Civ. Proc. 1021.5, and as otherwise may be allowed by California and/or federal law;

    d.    Injunctive relief, including but not limited to the following:

        i.    an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiff and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

        ii.    an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for handling domestic violence calls and investigations on private property, including the search, seizure and use of force during such calls and investigations;

        iii.    an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

        iv.    an order requiring Defendants to train all SCPD Officers concerning generally accepted and proper tactics and procedures for handling domestic violence calls and investigations on private propery and this Court's orders concerning

the issues raised in injunctive relief requests i-iii, above;

e. such other and further relief as presented by the evidence in this case and as this Court may deem appropriate.

DATED: March 6, 2008                     HADDAD & SHERWIN

/s/
_____
MICHAEL J. HADDAD
JULIA SHERWIN
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

DATED: March 6, 2008                    HADDAD & SHERWIN

                                        _____
                                        MICHAEL J. HADDAD
                                        JULIA SHERWIN
                                        Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
LARRY WARREN, Individually,

## DEFENDANTS
CITY OF SANTA CRUZ, a public entity, SANTA CRUZ CHIEF OF POLICE HOWARD SKERRY, in his individual and official capacities, and DOES 1 through 10, Jointly and Severally,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Santa Cruz

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael J. Haddad, Haddad & Sherwin, 505 Seventeenth St., Oakland, CA 94612; Tel: (510) 452-5500

**ATTORNEYS** (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | PROPERTY RIGHTS | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | PERSONAL PROPERTY | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐480 Consumer Credit |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth In Lending | ☐690 Other | | ☐490 Cable/Satellite TV |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐810 Selective Service |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐850 Securities/Commodities/Exchange |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐875 Customer Challenge 12 USC 3410 |
| ☐196 Franchise | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐891 Agricultural Acts |
| | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐893 Environmental Matters |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐894 Energy Allocation Act |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐870 Taxes (US Plaintiff or Defendant) | ☐895 Freedom of Information Act |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐871 IRS - Third Party 26 USC 7609 | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | ☐950 Constitutionality of State Statutes |
| ☐245 Tort Product Liability | ☒440 Other Civil Rights | ☐550 Civil Rights | | | ☐890 Other Statutory Actions |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Claims for damages, injunctive relief, attorneys' fees and costs arising from police officers' unlawful search, seizure, and use of excessive force, in violation of 42 USC § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and state law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $_____     CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE 3/6/08

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Page 2
(Rev. 11/04)

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.   (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.   Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.  Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.