```
George J. Kovacevich, SBN 48125
Barbara H. Choi, SBN 156088
```
**ATCHISON, BARISONE, CONDOTTI & KOVACEVICH**
```
A Professional Corporation
333 Church Street
Santa Cruz, California  95060
Telephone:  (831) 423-8383
Facsimile:  (831) 423-9401
Email: bchoi@abc-law.com

Attorneys for Defendants
CITY OF SANTA CRUZ and SANTA
CRUZ CHIEF OF POLICE HOWARD SKERRY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WARREN, Individually, | CASE NO. **C08-01311-JW** |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| vs. | |
| CITY OF SANTA CRUZ, a public entity, SANTA CRUZ CHIEF OF POLICE HOWARD SKERRY, in his individual and official capacities, and DOES 1 through 10, Jointly and Severally, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their respective undersigned counsel, that the following Protective Order may be entered by the Court to give effect to the stipulations set forth below:

1.  As used herein, "Confidential Information" shall mean information which, in the reasonable opinion of the Designating Person, or the Designating Person's counsel, constitutes, reflects or discloses confidential, sensitive, proprietary information of the Designating Person which that person wishes to maintain in confidence. Any party to the above-captioned action shall have standing to designate as Confidential Information any information that was created by or communicated to or from the party or an employee, or agent, of that party. "Designating

STIPULATION AND PROTECTIVE ORDER                                                                Page 1

Person" means the party, or third person or entity who designates documents, testimony or information as Confidential Information under this Protective Order.

2. All documents or information produced or to be produced by any party in connection with this litigation which have been designated by the producing party as Confidential Information shall be used only for the purpose of this litigation, including trial preparation and trial.

3. Except as otherwise provided by the order of the Court, no document containing Confidential Information, including information contained therein, shall be furnished, shown, or disclosed to any person except: (1) counsel for the parties to this action and paralegals and other professional personnel assisting those attorneys in the preparation and trial of this action; (2) experts and consultants who are assisting said counsel in preparation and/or trial; and (3) the parties to this action.

4. Each person to whom Confidential Information is disclosed by counsel shall be provided with a copy of this Protective Order. Prior to being given access to these materials, each such person shall acknowledge in writing his or her agreement to be bound by the terms of this Protective Order by executing the form specified in Attachment A hereto.

5. Any attorney who discloses Confidential Information shall maintain in his or her office an executed acknowledgment in the form of Attachment A from each person to whom such Confidential Information has been disclosed, and also provide a copy of the executed acknowledgment(s) to the Designating Person.

6. To comply with the provisions of this Protective Order any Designating Person may stamp, mark or otherwise designate any document comprising, containing or referring to Confidential Information produced or to be produced by it in connection with this litigation as "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER", or by notifying counsel for all parties to whom documents have been produced within 10 days of production that a particular document that has been produced is designated as Confidential Information.

7. For deposition testimony, the witness or counsel shall invoke the provisions of the Protective Order by stating on the record during the deposition that testimony given at the

deposition is designated as Confidential Information or by designation of the deposition transcript, or portions thereof, as Confidential Information within 14 days after counsel receives the deposition transcript. No person shall attend portions of the depositions designated as Confidential Information unless such person is an authorized recipient of documents containing such confidential information under the terms of the Protective Order. Any court reporter who transcribes testimony in this action at a deposition shall agree that all testimony containing Confidential Information is and shall remain confidential and shall not be disclosed except as provided in this Protective Order, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys or record or filed under seal with the court.

8. If any document designated as Confidential Information pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such Confidential Information shall be sealed and stamped as "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER", and access thereto shall be limited pursuant to the other terms of the Protective Order. If counsel subsequently designates any deposition transcript, or portion thereof, as Confidential Information, pursuant to paragraph 6, counsel shall inform the court reporter so that the court reporter will treat the transcript as confidential pursuant to the terms of this Protective Order.

9. When a party to this Protective Order designates the testimony (including proposed testimony) of a person begin deposed as Confidential Information, and objection is made to such designation, such testimony shall not be withheld because such objection has been made to the Confidential Information designation. Such testimony shall be treated as Confidential Information until a stipulation or order that it is not to be so treated.

10. If a party to this Protective Order objects to the designation of any Confidential Information, that party shall notify the Designating Party in writing, identifying the Confidential Information as to which objection is made. The designating party shall respond within 10 business days from receipt of such notice. If the parties cannot agree with respect to the

1    treatment to be accorded the material that has been designated as Confidential Information, any
2    party may seek a ruling from the Court with respect to the designation(s) to which it has
3    objected. The party seeking to maintain the Confidential Information shall bear the burden of
4    establishing such status is warranted. Pending the Court's ruling, the material sought to be
5    designated as Confidential Information will be treated as Confidential Information, and the
6    provisions of this Protective Order shall remain in force.

7        11.    Any party seeking to file in this Court, a portion or in its entirety, under seal, any
8    document or information comprising, containing, or referring to Confidential Information shall
9    comply with this Court's Civil Local Rule 79-5. No documents filed under seal shall be made
10   available to third parties or the public except by further Protective Order of this Court or in
11   accordance with the terms of this Protective Order.

12       12.    Any court hearing which refers to or describes Confidential Information shall in
13   the Court's discretion be <u>in</u> <u>camera</u>.

14       13.    The execution of this Protective Order shall not, in itself, operate as an admission
15   against or otherwise prejudice any contention of any party on any motion provided for herein, or
16   in any other proceeding or trial in this action, nor shall this Protective Order be taken to
17   constitute a waiver of any party's right to seek relief from the Court from any or all provisions of
18   this Protective Order.

19       14.    This Protective Order shall not prevent or limit any party from using Confidential
20   Information at trial.

21       15.    The terms of this Protective Order shall remain in full force and effect and shall
22   not cease to be in effect because of final adjudication of this litigation. Upon resolution of this
23   action in the trial court, all Confidential Information shall be held by counsel pending final
24   resolution of this litigation by appeal or otherwise. Within 90 days after such final resolution, all
25   documents containing Confidential Information, including all copies, summaries, and
26   compilations, shall be returned to the producing counsel. Counsel responsible for such return
27   shall certify to all other counsel or record that such return in fact took place.
28   ///

16. Notwithstanding Paragraph 15 above, counsel are not required to destroy legal memoranda or opinion letters that may contain references to or information extracted from said documents, and all such memos and correspondence may be retained in the attorney's files. However, the confidentiality of documents and information is to be protected in accordance with the terms of this Protective Order.

17. If documents subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of s uch information should not be made to any party is nevertheless inadvertently produced to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party or other producing person would otherwise be entitled. If a claim of inadvertent production is made, pursuant to this Paragraph, with respect to documents then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the facts or circumstances of the inadvertent production.

18. Nothing contained in this Protective Order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

19. Nothing contained in this Protective Order is intended to or shall be deemed to limit either party from any further use of Confidential Information (or information derived therefrom) which that party or its agent has itself produced, generated or obtained other than through discovery in this action.

20. Except as specifically provided herein, the terms, conditions and limitations of this Protective Order shall survive the termination of this action. The Court retains jurisdiction for six months after the termination of this action to enforce this Protective Order.

21. The attorneys of record for the parties are in accord with the above terms of this Stipulation and Protective Order as acknowledged hereafter by their signatures, and have requested the Court to enter this Stipulation and Protective Order.

1    22.    The terms of this Stipulation and Protective Order shall apply to all manner and means of discovery, including, but not limited to, inspection of books, records and documents.

23.    This Protective Order shall be effective from April 10, 2008, or the date upon which the parties execute this Stipulation, whichever date is earlier.

Dated: April 21, 2008              ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

                                   By:      /s/
                                       BARBARA H. CHOI, Attorney for
                                       Defendants CITY OF SANTA CRUZ and SANTA CRUZ CHIEF OF POLICE HOWARD SKERRY

Dated: April 21, 2008              HADDAD & SHERWIN

                                   By:      /s/
                                       MICHAEL J. HADDAD, Attorney for Plaintiff LARRY WARREN

I, Barbara H. Choi, hereby attest that the faxed signature of Michael J. Haddad is affixed to the original of this document and that said original document is located in the Offices of Atchison, Barisone, Condotti & Kovacevich, 333 Church Street, Santa Cruz, CA 95060.

                                   ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

Dated: April 21, 2008     By:      /s/
                                   BARBARA H. CHOI

O R D E R

Based upon the foregoing Stipulation and good cause appearing, IT IS SO ORDERED.

Dated: _____              _____
                                   Honorable Richard Seeborg
                                   United States Magistrate Judge

<u>ATTACHMENT A  To STIPULATION AND PROTECTIVE ORDER</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE
BOUND BY TERMS OF STIPULATION AND PROTECTIVE ORDER</u>

I, Michael J. Haddad, declare under penalty of perjury of the laws of the United States of America and the State of California that I have read in its entirety the Stipulation and Protective Order entered into in *Warren v. City of Santa Cruz et al.*, United States District Court Case No. C08-01311 JW, and I agree to adhere to and be bound by its terms.

Dated:  April 21, 2008

Place:  Oakland, CA

Signature:  _____/s/_____