1  Barbara H. Choi SBN 156088
   **ATCHISON, BARISONE, CONDOTTI & KOVACEVICH**
2  A Professional Corporation
   333 Church Street
3  Santa Cruz, California  95060
   Telephone:  (831) 423-8383
4  Facsimile:  (831) 423-9401

5  Attorneys for Defendants
   CITY OF SANTA CRUZ and SANTA
6  CRUZ CHIEF OF POLICE HOWARD SKERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WARREN, Individually,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SANTA CRUZ, a public entity, SANTA CRUZ CHIEF OF POLICE HOWARD SKERRY, in his individual and official capacities, and DOES 1 through 10, Jointly and Severally,<br><br>Defendants. | CASE NO. **C08-01311-JW**<br><br>ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANTS CITY OF SANTA CRUZ AND CHIEF OF POLICE HOWARD SKERRY |

Defendants, City of Santa Cruz ("City"), Santa Cruz Police Chief, Howard Skerry ("Police Chief"), (collectively "City Defendants") by and through their attorney of record, answer the Complaint filed by plaintiff Larry Warren ("Plaintiff") as follows:

1.    City Defendants admit that Plaintiff brings this action under 42 U.S.C. Sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. City Defendants admit that jurisdiction is proper.  City Defendants deny that City Defendants engaged in unreasonable search, unreasonable seizure, and use of excessive force against Plaintiff.  Except as otherwise admitted, City Defendants deny each and every allegation contained in Paragraph 1 of the Complaint.

1  2.    City Defendants admit venue is proper in the Northern District of California, San Jose Division.

2  3.    City Defendants are informed and believe that Plaintiff is a resident of the County of Santa Cruz, and on that basis admit this allegation.

3  4.    City Defendants admit the City is a local public entity situated in the State of California and organized under a city charter and the laws of the State of California. City Defendants also admit that the Santa Cruz Police Department is a division of the City, and that Police Chief is employed by the City. City Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegation in Paragraph 4 regarding the City's employment and responsibility for "other defendants in this action" who are not yet identified, and on this basis deny such allegation. Except as otherwise admitted, City Defendants deny each and every allegation contained in Paragraph 4 of the Complaint.

4  5.    City Defendants admit the allegations in Paragraph 5 of the Complaint.

5  6.    City Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations regarding the DOE Defendants contained in Paragraph 6 of the Complaint, and on this basis deny these allegations.

6  7.    City Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations regarding the DOE Defendants contained in Paragraph 7 of the Complaint, and on this basis deny these allegations. City Defendants deny all remaining allegations contained in Paragraph 7 of the Complaint.

7  8.    City Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and on this basis deny these allegations.

8  9.    City Defendants deny the allegations in Paragraph 9 of the Complaint.

9  10.   City Defendants without sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and on this basis deny these allegations.

///

11. City Defendants without sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and on this basis deny these allegations.

12. City Defendants without sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and on this basis deny these allegations.

13. City Defendants incorporate herein the above responses in Paragraphs 1 through 12 in response to Paragraph 13 of the Complaint.

14. City Defendants admit that City police officers responded to a domestic violence call on or about May 7, 2007 at the front house located at 254 Walk Circle, and that Plaintiff lived behind the main house. City Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegation in Paragraph 14 of the Complaint regarding Plaintiff's expectation of privacy, and on this basis deny this allegation. City Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15. City Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint regarding the nature of Plaintiff's conduct in his home, and on this basis deny such allegations. City Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16. City Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint regarding Plaintiff's alleged perceptions and observations, and on this basis deny such allegations. City Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17. City Defendants admit that police officers called paramedics to assist Plaintiff. City Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint regarding Plaintiff's alleged memory, and on this basis deny such allegations. City Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

///

1  18. City Defendants admit that Plaintiff was taken by ambulance to the hospital, as alleged in Paragraph 18 of the Complaint. City Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint regarding Plaintiff's alleged perceptions, observations, and medical treatment, and on this basis deny such allegations. City Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19. City Defendants admit that Plaintiff was never charged with any crime or offense in connection with this incident as alleged in Paragraph 19 of the Complaint. City Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

20. City Defendants are without sufficient knowledge or information as to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint regarding Plaintiff's alleged conduct, and on this basis deny such allegations. City Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21. City Defendants deny the allegations in Paragraph 21 of the Complaint.

22. City Defendants admit the allegations in Paragraph 22 of the Complaint.

23. City Defendants deny the allegations in Paragraph 23, including its subparagraphs (a) through (j) of the Complaint.

24. City Defendants incorporate herein the above responses in Paragraphs 1 through 23 in response to Paragraph 24 of the Complaint.

25. City Defendants deny the allegations in Paragraph 25, including subparagraphs (a) through (f) of the Complaint.

26. City Defendants deny the allegations in Paragraph 26 of the Complaint.

27. City Defendants deny the allegations in Paragraph 27 of the Complaint.

28. City Defendants deny the allegations in Paragraph 28 of the Complaint.

29. City Defendants deny the allegations in Paragraph 29 of the Complaint.

30. City Defendants incorporate herein the above responses in Paragraphs 1 through 29 in response to Paragraph 30 of the Complaint.

31. City Defendants deny the allegations in Paragraph 31, including subparagraphs

1  (a) through (h) of the Complaint.

2      32.    City Defendants deny the allegations in Paragraph 32 of the Complaint.

3      33.    City Defendants deny the allegations in Paragraph 33 of the Complaint.

4      34.    City Defendants deny the allegations in Paragraph 34 of the Complaint.

5      35.    City Defendants deny the allegations in Paragraph 35 of the Complaint.

6      36.    City Defendants deny the allegations in Paragraph 36 of the Complaint.

7      37.    City Defendants incorporate herein the above responses in Paragraphs 1 through

8  36 in response to Paragraph 37 of the Complaint.

9      38.    City Defendants deny the allegations in Paragraph 38, including subparagraphs

10  (a) through (h) of the Complaint.

11      39.    City Defendants deny the allegations in Paragraph 39 of the Complaint.

12      40.    City Defendants incorporate herein the above responses in Paragraphs 1 through

13  39 in response to Paragraph 40 of the Complaint.

14      41.    City Defendants are without sufficient knowledge or information as to form a

15  belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and on this

16  basis deny such allegations.

17      42.    City Defendants are without sufficient knowledge or information as to form a

18  belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and on this

19  basis deny such allegations.

20      43.    City Defendants are without sufficient knowledge or information as to form a

21  belief as to the truth of the allegations contained in Paragraph 43, including subparagraphs (a)

22  through (e) of the Complaint, and on this basis deny such allegations.

23      44.    City Defendants are without sufficient knowledge or information as to form a

24  belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and on this

25  basis deny such allegations.

26      45.    City Defendants deny the allegations in Paragraph 45 of the Complaint.

27      46.    City Defendants deny the allegations in Paragraph 46 of the Complaint.

28      47.    City Defendants incorporate herein the above responses in Paragraphs 1 through

1 | 46 in response to Paragraph 47 of the Complaint.

2 |     48.    City Defendants deny the allegations in Paragraph 48 of the Complaint.

3 |     49.    City Defendants deny the allegations in Paragraph 49 of the Complaint.

4 |     50.    City Defendants incorporate herein the above responses in Paragraphs 1 through

5 | 49 in response to Paragraph 50 of the Complaint.

6 |     51.    City Defendants deny the allegations in Paragraph 51, including subparagraphs

7 | (a) through (b) of the Complaint.

8 |     52.    City Defendants deny the allegations in Paragraph 52 of the Complaint.

9 |     53.    City Defendants deny each and every allegations contained in the prayer for relief

10 | of the Complaint. City Defendants further deny each and every other allegation of the

11 | Complaint, except those expressly admitted.

### First and Separate Affirmative Defense

13 |     54.    City Defendants allege that the Complaint fails to state a cause of action upon

14 | which relief can be granted.

### Second and Separate Affirmative Defense

16 |     55.    City Defendants allege that Plaintiff's damages, if any, were caused in whole or in

17 | party by Plaintiff and/or by parties other than City Defendants, and that any such liability of

18 | Plaintiff and/or other third parties comparatively reduces or eliminates the percentage of liability,

19 | if any, of the City Defendants.

### Third and Separate Affirmative Defense

21 |     56.    City Defendants allege that any and all acts or omissions of City Defendants or of

22 | their employees and/or agents were reasonable and in good faith, and not in violation of any

23 | constitutional rights of Plaintiff at all relevant times.

### Fourth and Separate Affirmative Defense

25 |     57.    City Defendants allege that any and all acts or omissions of City Defendants or of

26 | their employees and/or agents were in good faith, without any intent to deprive Plaintiff of

27 | constitutional rights or other injury, and Defendant Police Chief Howard Skerry and other City

28 | Defendants are entitled to absolute and qualified immunity pursuant to Federal law.

### Fifth and Separate Affirmative Defense

58. City Defendants allege that Plaintiff's claims are barred for failure to exhaust his administrative remedies.

### Sixth and Separate Affirmative Defense

59. City Defendants allege that Plaintiff failed to mitigate his alleged damages, if any.

### Seventh and Separate Affirmative Defense

60. City Defendants allege that Plaintiff is not entitled to declaratory and/or injunctive relief as Plaintiff seeks an adequate remedy at law.

### Eighth and Separate Affirmative Defense

61. City Defendants allege that the sole and/or proximate cause of Plaintiff's purported damages as stated in the Complaint, was due to the negligent and/or intentional conduct of Plaintiff.

### Ninth and Separate Affirmative Defense

62. City Defendants allege that there is no proximate causation to link the alleged injuries complained of by Plaintiff with any actions on the part of the City Defendants, if any, as alleged in the Complaint. As such, City Defendants are not liable for the purported injuries complained of.

### Tenth and Separate Affirmative Defense

63. City Defendants allege that Plaintiff's claims are barred by the doctrine of laches and/or unclean hands.

### Eleventh and Separate Affirmative Defense

64. City Defendants allege that the complaint is stated in conclusory terms and therefore City Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, City Defendants hereby reserve their collective and individual rights to add additional affirmative defenses if and to the extent such affirmative defenses are applicable.

///

///

WHEREFORE, City Defendants pray that:

    i. Plaintiff takes nothing by reason of his complaint;

    ii. That City Defendants be awarded their costs of suit; and

    iii. That City Defendants be awarded all reasonable attorneys' fees pursuant to 42 U.S.C. section 1988, and for such other and further relief as the Court may deem proper.

Dated: August __, 2008        ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

By: _____
     Barbara H. Choi

Attorneys for Defendants
CITY OF SANTA CRUZ, SANTA CRUZ CHIEF OF POLICE HOWARD SKERRY