George J. Kovacevich, SBN 48125
Barbara H. Choi, SBN 156088
**ATCHISON, BARISONE, CONDOTTI & KOVACEVICH**
A Professional Corporation
333 Church Street
Santa Cruz, CA 95060
Telephone:  (831) 423-8383
Facsimile:  (831) 423-9401

Attorneys for Defendants
CITY OF SANTA CRUZ and SANTA
CRUZ CHIEF OF POLICE HOWARD SKERRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WARREN, individually,<br><br>  Plaintiff,<br><br>  vs.<br><br>CITY OF SANTA CRUZ, a public entity, SANTA CRUZ CHIEF OF POLICE HOWARD SKERRY, in his individual and official capacities, and DOES 1 through 10, Jointly and Severally,<br><br>  Defendants. | **CASE NO. C08-01311-JW**<br><br>DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Case Management Conference<br><br>Date: September 15, 2008<br>Time: 10:00 a.m.<br>Courtroom: |

Defendants City of Santa Cruz and Santa Cruz Police Chief, Howard Skerry submit this Case Management Statement and Proposed Order, and request the Court to adopt it as its Case Management Order in this case. Counsel of record for Defendants attempted to hold a Rule 26(f) meet and confer to jointly prepare this statement with Plaintiff, as detailed in the accompanying Declaration of Barbara H. Choi, filed concurrently herewith. Due to Plaintiff's failure to cooperate with the Defendants' counsel and court rules, Defendants file this only on their behalf.

///

///

///

-1-

I. **Jurisdiction and Service.**

Defendants agree that the federal court has jurisdiction over this action brought under 42 U.S.C. § 1983, and that venue is proper. All parties have been served.

II. **Description of the Case.**

　A. **Brief Chronology of the Facts:**

　　Plaintiff filed this civil rights action arising from his interaction with City of Santa Cruz police officers who were responding to a domestic violence call in an adjacent house from Plaintiff's residence on May 7, 2007. Police officers were investigating the area and knocked on plaintiff's door. While Plaintiff answered the door, he fell because he was intoxicated and injured his ankle. Police officers called an ambulance to assist Plaintiff. Nevertheless, Plaintiff claims that his injury was caused instead by police misconduct. Plaintiff's prior attorney withdrew from this case and Plaintiff has not been able to obtain new legal counsel. Plaintiff represents that he is still seeking new counsel.

　B. **Principal Factual Issues in Dispute:**

　　1) The cause and extent of plaintiff's alleged injury.

III. **Legal Issues.**

The main legal issue is whether plaintiff can prove any actionable claim under the federal civil rights act based on the facts of this case. The evidence will show that Defendants' conduct was proper at all times. Defendant police officer is also entitled to qualified immunity.

IV. **Motions.**

Defendants will file a motion for summary judgment.

V. **Amendment of Pleadings.**

No amendment is anticipated.

### VI. Evidence Preservation.

Defendants are in good faith preserving evidence relevant to the issues in this case.

### VII. Disclosures.

Defendants intend to provide initial disclosures to Plaintiff within 14 days of the case management conference, in compliance with Federal Rule of Civil Procedure 26(a).

### VIII. Discovery.

The parties have not yet conducted discovery. Defendants intend to take plaintiff's deposition.

### IX. Class Action. – N/A.

### X. Related Cases. – N/A.

### XI. Relief.

Plaintiff seeks damages for injury to his ankle.

### XII. Settlement and ADR.

The parties are unable to agree on an ADR option. Plaintiff had indicated at one time he would agree to request a phone conference with the court in choosing an ADR option, but Plaintiff failed to appear at Defendants' counsel's office to sign the notice.

### XIII. Consent to Magistrate Judge.

The parties declined this option.

### XIV. Other References.

Not Applicable.

-3-
DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT

## XV. Narrowing of Issues.

Not Applicable.

## XVI. Expedited Schedule.

Not Applicable.

## XVII. Proposed Scheduling.

| | |
|---|---|
| Discovery Cut-off | June 30, 2009. |
| Deadline for filing dispositive motions | August 1, 2009 |
| Deadline for hearing of dispositive motions | September 30, 2009 |
| Meet and Confer deadline to prepare joint final pretrial conference statement and coordinated submission of trial exhibits. | November 9, 2009 |
| Filing joint final pretrial conference statement and proposed order; lodging exhibits; filing in limine motions. | November 23, 2009 |
| Opposition to in limine motions | December 14, 2009 |
| Final Pretrial Conference | January 11, 2010 |
| Trial | January 25, 2010 |

## XVIII. Trial.

Defendants seek a court trial.

## XIX. Disclosure of Non-party Interested Entities or Persons.

None of the parties have yet filed the "Certification of Interested Entities or Persons" in accordance with Civil Local Rule 3-16. Nevertheless, Defendants certify that they are informed and believe that no non-party entities or persons have any financial or other interest in this proceeding other than that of the named parties to this action.

///

///

Respectfully submitted,

ATCHISON, BARISONE, CONDOTTI & KOVACEVICH

Dated: September 8, 2008      By: _/s/ Barbara H. Choi_
BARBARA H. CHOI
Attorneys for Defendants
CITY OF SANTA CRUZ, POLICE CHIEF HOWARD SKERRY

## ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court, as the Case Management Order for the case, and the parties are ordered to comply with this Order. In addition, the Court orders as follows:

Dated: _____       _____
HONORABLE JAMES WARE
UNITED STATES DISTRICT COURT JUDGE

*Larry Warren v. City of Santa Cruz, et al.*
**United States District Court Case No. C08-01311-JW**

## PROOF OF SERVICE

I am employed in the County of Santa Cruz, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 333 Church Street, Santa Cruz, California 95060.

On the date set forth below, I served the following document(s):

**DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT**

on the interested party(ies) to said action by the following means:

[✖] **(BY MAIL)** By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing on that date following ordinary business practices, in the United States Mail at the offices of Atchison, Barisone, Condotti & Kovacevich, Santa Cruz, CA, addressed as shown below. I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

[ ] **(BY HAND-DELIVERY)** By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the address(es) shown below.

[ ] **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy thereof, from sending facsimile machine telephone number (831) 423-9401 to the following party(ies) at the receiving facsimile machine number(s) shown below. The transmission was completed, and the transmission report attached was properly issued by the transmitting facsimile machine.

[ ] **(BY OVERNIGHT DELIVERY)** By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to Atchison, Barisone, Condotti & Kovacevich, to be delivered by Federal Express, to the address(es) shown below.

[ ] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 8, 2008, at Santa Cruz, California.

_____
SUE ZIEBER

NAMES, ADDRESSES AND/OR FAX NUMBERS OF PARTIES SERVED:

Larry Warren
2990 Soquel Avenue
Santa Cruz, CA 95062