IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Larry Warren, | NO. C 08-01311 JW |
| Plaintiff, | **ORDER DISMISSING CASE PURSUANT TO FED. R. CIV. P. 41(b)** |
| v. | |
| City of Santa Cruz, et al., | |
| Defendants. | |

On September 15, 2008, the Court held a Case Management Conference. Neither Plaintiff nor counsel for Plaintiff attended the Conference. In light of Plaintiff's failure to appear and failure to notify the Court of the status of his representation, the Court expressed an intent to dismiss the action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) with a 10 day stay for Plaintiff to respond. (See Docket Item No. 24.)

On September 23, 2008, Plaintiff timely filed with the Court a request for extended time to file his Notice of Identification of Substitute Counsel or Notice of Self-Representation. (Docket Item No. 25.) On October 16, 2008, relying on the representations made in Plaintiff's letter, the Court gave Plaintiff a thirty day extension to file his Notice of Identification of Substitute Counsel or Notice of Self-Representation. The Court admonished Plaintiff that if his Notice was not filed by **November 17, 2008**, his case would be subject to automatic dismissal with prejudice under Rule 41(b). To date, Plaintiff has not complied with the terms of the Court's October 16 Order.

A district court has the authority to dismiss a case for lack of prosecution pursuant to its inherent authority and Rule 41(b) of the Federal Rules of Civil Procedure. See Link v. Wabash R.

1  Co., 370 U.S. 626 ( 1962).  Rule 41(b) states in pertinent part: "For failure of the plaintiff to
2  prosecute or to comply with these rules or any order of the court, a defendant may move for
3  dismissal of an action or of any claim against the defendant. . . . [A] dismissal under this subdivision
4  . . . operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b).  "This power is necessary to
5  prevent undue delay in the disposition of pending cases, docket congestion, and, the possibility of
6  harassment of a defendant."  Medeiros v. U.S., 621 F.2d 468, 470 (1st Cir. 1980).

7  Generally, in determining whether to dismiss for lack of prosecution, courts consider: (1) the
8  public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3)
9  the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their
10 merits, and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.2d
11 393, 399 (9th Cir. 1998) (internal quotations omitted); See also Al- Torki v. Kaempen, 78 F.3d
12 1381, 1384 (9th Cir. 1996).  The Ninth Circuit will affirm dismissal where at least four factors
13 support dismissal, or where at least three factors "strongly" support dismissal.  Yourish v. Cal.
14 Amplifier, 191 F.2d 983, 990 (9th Cir. 1999).  A *sua sponte* dismissal requires a "close focus" on
15 consideration of "less drastic alternatives" and whether or not there has been a "warning of
16 imminent dismissal of the case."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

17 In its October 16 Order, rather than dismissing Plaintiff's Complaint with prejudice, the
18 Court considered less drastic alternatives by giving Plaintiff yet another extension to file his
19 documents.  The Court also warned Plaintiff of an imminent dismissal for failure to comply.  Yet,
20 Plaintiff has failed to adhere to the Court's Orders directing him to timely make the appropriate
21 filings in support of his case.  Plaintiff has further failed to attend scheduled Case Management
22 Conferences.  On the other hand, Defendants have been diligent in responding to the case.  Since
23 this case is pled as a 42 U.S.C. § 1983 claim, the Court finds that delay itself is prejudicial to
24 Defendants because witness memories fade and evidence becomes stale or undiscoverable.
25 Moreover, the public is ill served when an important issue like a § 1983 claim cannot be properly
26 addressed due to a plaintiff's failure to prosecute the case.

27
28

In light of Plaintiff's failure to prosecute his case and the Court's need to manage its docket, the Court DISMISSES Plaintiff's case with prejudice, pursuant to its authority under Fed. R. Civ. P. 41(b).

Judgment will be entered accordingly. The Case Management presently scheduled for December 1, 2008 is VACATED.

Dated:  November 25, 2008

JAMES WARE
United States District Judge

3

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  George J. Kovacevich szieber@abc-law.com
   Julia Sherwin haddad.sherwin@sbcglobal.net
3  Michael J. Haddad haddad.sherwin@sbcglobal.net

4
   Larry Warren
5  2990 Soqule Ave.
   Santa Cruz, CA 95602
6

7
   **Dated:  November 25, 2008**                    **Richard W. Wieking, Clerk**
8

9                                                    **By:      /s/ JW Chambers**
                                                           **Elizabeth Garcia**
10                                                         **Courtroom Deputy**